UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELVIN WOODARD,

    Plaintiff,

v.     Case No. 3:20-cv-991-J-32JBT

TAPIA M. WALLACE, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this action in the Northern District of Florida by filing a 42 U.S.C. § 1983 civil rights Complaint. Doc. 1. The Honorable Mark E. Walker, Chief United States District Judge, transferred the Complaint to this Court. Doc. 6. Plaintiff has also filed a motion to proceed in forma pauperis. Doc. 9. Plaintiff names three Columbia Correctional Institution employees as Defendants: Tapia M. Wallace, S.R. Griffis, and OC Phillips. Doc. 1 at 2-3. Plaintiff argues that Defendant Wallace issued a disciplinary report indicating that Plaintiff was masturbating. Plaintiff states he requested camera footage to prove that he did not commit the lewd act and that Defendant Wallace had seen another inmate. Id. at 5. He claims that the Defendants Griffis and Phillips, members of the disciplinary board, reviewed the subject video evidence and told Plaintiff the video "showed

someone standing there, but they could not determine who that person was"; thus, it was not exculpatory. Id. According to Plaintiff, a defect in the recording's visibility should have been noted in the investigative report and failure to document such denied him a fair and impartial hearing. He asserts he was found guilty solely based on the officer's statements, which he argues is not enough to support the finding of the disciplinary team. He further appears to argue that he was not "read the 'DR'" nor did anyone explain the range of punishment that could be imposed if he were found guilty, and omission of these steps amounted to procedural errors.

Under the "statement of claims" section of his Complaint, Plaintiff appears to state he is raising a 14th Amendment due process claim because the video evidence would prove his innocence, but it is defective. Id. at 7. As relief, he requests court fees and $15,000 in punitive damages. Id.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

2

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal

3

conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Petitioner claims his due process rights were violated because Defendant Wallace's disciplinary report was based on inaccurate information, and Defendants Griffis and Phillips did not provide Petitioner with a fair disciplinary hearing. The Supreme Court has recognized two instances in which a prisoner may be deprived of a constitutionally protected liberty interest, such that due process is required: (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court"; and (2) "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby v. Siegelman, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472 (1995)). When a prisoner's due process rights are triggered, he is entitled to, among other things, an opportunity to call witnesses and present documentary evidence at a disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539 (1974).

4

Plaintiff has not alleged a deprivation of a constitutionally protected liberty interest that would implicate a due process violation regarding his disciplinary report and hearing. Although he alleges that he was found guilty of the disciplinary infractions, he does not allege the punishment he received for the infraction. Notably, he does not allege that the disciplinary report or resulting disciplinary hearing caused "the type of atypical, significant deprivation" that creates a liberty interest. See <u>Allen v. Sec'y, Fla. Dep't of Corr.</u>, 578 F. App'x 836, 839 (11th Cir. 2014) (finding no due process claim alleged regarding disciplinary hearing, because the plaintiff failed to allege that the change in his conditions of his confinement following the hearing created a liberty interest); <u>see also</u> <u>Sandin</u>, 115 S. Ct. at 2300-01 (30 days in segregated disciplinary confinement did not trigger due process protection where the conditions of disciplinary segregation were not significantly different from the conditions outside disciplinary segregation). Plaintiff also fails to allege that he lost good time credits as a result of his disciplinary proceedings. See <u>Wolff</u>, 94 S. Ct. at 2975 (prisoners have a constitutionally protected liberty interest in state-created right to good time credits). As such, because Plaintiff has alleged no constitutionally-protected liberty interest was affected by his disciplinary hearing, he has failed to state a due process claim under the Fourteen Amendment.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of September, 2020.

                                                TIMOTHY J. CORRIGAN
                                                United States District Judge

Jax-7

c:    Melvin Woodard, #797250